CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 4 2007

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY VALENTINE,<br>    Plaintiff, | )<br>) Civil Action No. 7:07-cv-00358<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| RED ONION STATE PRISON,<br>    Defendant. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

Plaintiff Larry Valentine, # 209591, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Valentine alleges that the prison officials[1] violated his constitutional rights by refusing to broadcast Black Entertainment Television ("BET"), a cable programming channel which Valentine claims is his only access to current "African American black culture." Upon review of the record, the court concludes that Valentine has not stated a claim upon which relief can be granted, and therefore dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.     Allegations and Claims

Valentine complains that inmates at Red Onion State Prison ("ROSP") do not have access to the cable channel BET, a music orientated television station specifically directed at the African American population. Valentine claims that 95 percent of the ROSP staff is Caucasian, and there have been news reports of Ku Klux Klan ("KKK") rallies in southwest Virginia, the area where the prison is located and where the staff live. Valentine claims there are no African American radio stations in southwest Virginia, and he argues that without access to BET, he cannot educate

---

[1] Red Onion State Prison is not a "person" and therefore, is not a proper defendant in a § 1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Valentine an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

himself on current black culture.

**II. Analysis**

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

To the extent that these allegations can be construed as a living conditions claim, the court notes that while the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Aside from his apparent dissatisfaction with the television channels broadcasted, plaintiff

2

Case 7:07-cv-00358-JCT-mfu   Document 2   Filed 08/14/07   Page 2 of 4   Pageid#: 6

has neither alleged any ongoing violation of any constitutional right for which relief under § 1983 is warranted, nor has he presented facts or evidence to evince a constitutional violation of any kind. While the failure to broadcast BET may dissatisfy the plaintiff, Valentine has not alleged or even suggested that, as a result of this, he personally has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a viable constitutional claim under the Eighth Amendment.

Furthermore, to the extent that Valentine's allegations can be construed as an equal protections claim, these too fail. Although an inmate has a right to be protected from racial discrimination, he may be subject to restrictions that are reasonably related to a legitimate penological interest. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. But this "does not take from the States all power of classification," and instead, "keeps governmental decision makers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted). Thus, to prove an equal protection claim, litigants "'must first demonstrate that [they] ha[ve] been treated differently from others with whom [they are] similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Morrison, 239 F.3d at 654.

Accordingly, in order to state an equal protection claim, Valentine must establish that the decision not to broadcast BET was based on an impermissible classification, that such classification caused him to be treated differently than others similarly situated, and that such treatment was the result of purposeful discrimination. Valentine has not alleged that he is being

3

treated differently than any other prisoner incarcerated at ROSP or any other correctional facility within the Commonwealth of Virginia. He also has not alleged that the decision not to broadcast BET was based on race. Although he states that there are KKK rallies in the area, and even if some of the prison staff are involved, Valentine does not show discriminatory intent by the prison or its staff as regards the decision not to broadcast this particular cable channel. Valentine's conclusory and presumptive statements of discrimination and racial motivation are simply an insufficient basis on which to grant relief. Chapman v. Reynolds, 378 F.Supp 1137, 1140 (W.D.Va. 1974).

### III. Conclusion

Based on the foregoing, the court finds that Valentine has not presented any claims that constitute a violation of his constitutional rights. Therefore, his complaint is dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This __14th__ day of August, 2007.

/s/ James C. Turk
SENIOR UNITED STATES DISTRICT JUDGE

4